IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ARNAUD M. BA, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v | * | Civil Action No.  PJM-16-861 |
| | * | |
| FATONMATA BA, | * | |
| ERIC CHAVONS, | * | |
| | * | |
| Defendants. | * | |
| | *** | |

## MEMORANDUM OPINION

Pending is Arnaud Ba's complaint filed against Fatoumata Ba and Eric Chavons. Plaintiff claims Defendants subject him to mental abuse, and seeks injunctive relief to prevent Fatonmata Ba and her friends from contacting and harassing him. ECF 1.  Ba also filed a Motion to Proceed in Forma Pauperis which will be granted.

The instant Complaint contains some claims which are identical to those presented in *Ba. v. Ba*, *et al*, Civil Action No. GLH-16-85 (D. Md).  That case was dismissed for lack of jurisdiction on February 2, 2016.

Here, as in his earlier Complaint, Plaintiff claims:

> The following people have been, Manipulating, using constant criticism [sec] tactics to intimidate, movements and threats. I am been alienated and zombie like. Harass at home, public places and at work. The Harassments in public place, at work and at home are connected. I am also been targeted in places. The mental abuse has led me to psychological trauma. Including harassment, embarrassment, sexual abuse, employment discrimination, police brutality, bullying, and domestic violence. [sec].

ECF 1 at 6; GLH-16-85 (D. Md.), ECF 1.  Plaintiff identifies Fatoumata Ba as a person who claims to be his sister.  ECF 1-1 at 2.  He claims she has people stalking him. *Id*.

As was explained to Plaintiff in his earlier case, the jurisdiction of the federal courts is limited. There is no presumption that jurisdiction is vested in the court. *See Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999). The burden of establishing subject matter jurisdiction rests on the party invoking the jurisdiction of the court. *See Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed.R.Civ.P. 12(h)(3).

In the instant matter, Ba has checked boxes on the civil cover sheet indicating this action is brought pursuant to diversity of the parties' citizenship. ECF 1-2. For there to be diversity jurisdiction the parties must be of diverse citizenship and the amount in controversy exceeds $75,000.00. *See* U.S. Const. Art. 3 § 2; 28 U.S.C. § 1332. Diversity jurisdiction requires complete diversity of the parties. 28 U.S.C. §1332(a). This means that no party on one side may be a citizen of the same state as any party on the other side. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372–74 & nn. 13–16 (1978); *see also Exxon Mobil Corp. v. Allapattah Services, Inc*., 545 U.S. 546, 553 (2005); 28 U.S.C. §1332(c)(1)(B) ("[A] corporation shall be deemed to be a citizen of every State ... by which it has been incorporated"). Here, the Complaint lists Ba and both Defendants as Maryland residents (ECF 1 at 2), and the amount in controversy is unstated. Under these circumstances, there is no basis for diversity jurisdiction under 28 U.S.C. § 1332.

Ba's allegations of harassment, embarrassment, sexual abuse, employment discrimination, police brutality, bullying, and domestic violence are conclusory and lack corroboration. Ba does not how Defendants actions violate a federal law or a provision of the United States Constitution. As such, there are no grounds for this court to exercise federal question jurisdiction, 28 U.S.C. §1331, as an alternative jurisdictional basis over this matter.

Absent of a basis to assert jurisdiction over this case, the Court will dismiss this case without prejudice pursuant to Fed. R. Civ. P. 12(h)(3). A separate Order will follow.

March 28, 2016

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE